IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY TURNER                                                                                                  PLAINTIFF

      v.                           Civil No. 6:11-cv-06040

JACQUELINE MARVIN, Court
Reporter, Clark County; BLAKE
BATSON, Prosecuting Attorney,
Clark County; and DAN O. TURNER,
Deputy Prosecuting Attorney, Clark County                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's *in forma pauperis* application (Doc. 1) be denied and his Complaint be dismissed.

**1. Background**

According to the allegations of the complaint, the Defendants are conspiring to cover up Plaintiff's unlawful imprisonment. Plaintiff asserts they are conspiring to prevent an "authentic" transcript from being prepared that would show "the criminal court procedures rules were not followed." Plaintiff maintains the Defendants have tampered with evidence, interfered in a governmental operation, and kidnaped him.

Plaintiff seeks monetary compensation for false imprisonment and also release from custody. Finally, he asks that criminal charges be brought against the Defendants.

**2. Discussion**

The Plaintiff is an inmate of the Arkansas Department of Correction, Ouachita River Correctional Unit. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any

AO72A
(Rev. 8/82)

complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.); *see also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he has no asserts and no source of income. The records from the Arkansas Department of Correction show his monthly balance averaged $21.98. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, his claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, or are not presently cognizable.

First, the complaint as against Blake Batson and Dan O. Turner is subject to dismissal. The prosecuting attorneys are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in

a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the Defendant prosecuting attorneys are entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent the complaint seeks injunctive relief, I find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a Plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Second, Plaintiff's claims for damages are barred by the Supreme Court decision of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Plaintiff's conviction has not been reversed or otherwise held invalid.

Finally, Plaintiff may not seek relief in the form of release from imprisonment and reversal of his conviction in a civil rights case under § 1983. Section 1983 cannot be utilized to challenge the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90

AO72A
(Rev. 8/82)

(habeas corpus is exclusive remedy for state prisoner who challenges fact or duration of his confinement and seeks immediate or speedier release).

### 3. Conclusion

Accordingly, I recommend that Plaintiff's request to proceed *in forma pauperis* (Doc. 1) be denied and Plaintiff's Complaint be dismissed without prejudice.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 14th day of September 2011.**

/s/ *J. Marschewski*
  HON. JAMES R. MARSCHEWSKI
  CHIEF UNITED STATES MAGISTRATE JUDGE